# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 19, 2013 Session

## RENE ANNETTE FIELDS v. JIMMY GLENN FIELDS

**Appeal from the Circuit Court for Hawkins County**
**No. 09CV0022      Thomas J. Wright, Judge**

**No. E2012-02406-COA-R3-CV - Filed December 27, 2013**

D. MICHAEL SWINEY, J., concurring and dissenting.

I do not take issue with any of the law as set forth in the majority's opinion. I concur in the majority's decision to affirm the Trial Court's denial of the Appellant's request to reduce the amount of the alimony. I do, however, respectfully dissent from the majority's opinion affirming the Trial Court's decision to increase the amount of the alimony.

It is undisputed that the Appellant had the burden to show a material change of circumstances in order to decrease his alimony payment. It, however, is equally undisputed that the Appellee had the burden to show a material change of circumstances in order to increase the alimony. I agree with the majority and the Trial Court that the Appellant failed to meet his burden to show a change of circumstances sufficient to decrease the alimony. Where I differ from the majority and the Trial Court is that I believe, as shown in the record before us, that the Appellee also failed to meet her burden to show a material change of circumstances sufficient to order an increase in the alimony.

I agree with the finding of the Trial Court as quoted by the majority that "[i]n other words, nothing has changed . . .." As noted by the majority, the Appellant did go back to work for a short time after the divorce but had to leave that job "to have his knee replaced." The Appellee presented no proof that the Appellant has or even ever will recover sufficiently from his knee replacement to be able to go back to his work. Perhaps Appellant has made such a recovery, but if so this record contains no proof that he has, and any such "finding" that he has is based on nothing more than an assumption or speculation that his knee replacement surgery resulted in his being able to return to his work in the construction industry.

As I believe neither Appellant nor Appellee satisfied his or her burden of showing a material change of circumstances sufficient to modify the alimony awarded in the divorce, I would affirm the Trial Court's decision denying Appellant's request that his alimony be lowered. I, however, would reverse the Trial Court's decision finding that the Appellee had shown a material change of circumstances and that the alimony should be increased. In short, as neither party proved a material change of circumstances, I believe the Trial Court was required to leave the alimony as set in the original divorce decree and that it was error to increase the amount of alimony.

_____
D. MICHAEL SWINEY, JUDGE